UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | Case No. 1:21-cr-508 (BAH) |
| LUKE WESSLY BENDER, | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | Case No. 1:21-cr-717 (BAH) |
| LANDON BRYCE MITCHELL, | : | |
| | : | |
| Defendant. | : | |

## MOTION TO JOIN

The United States of America, by its attorney, Matthew M. Graves, United States Attorney for the District of Columbia, and Jordan A. Konig, Trial Attorney, U.S. Department of Justice, hereby moves the Court to join these two related criminal actions[1] pursuant to Federal Rule of Criminal Procedure 13. Defense counsel Christopher Macchiaroli, who represents Luke Bender, states that Mr. Bender does not consent to the relief requested at this time. Defense counsel Dani Jahn, who represents Landon Mitchell, has not stated whether Mr. Mitchell consents to the relief requested herein.

Federal Rule of Criminal Procedure 13 provides that, "[t]he court may order that separate cases can be tried together as though brought in a single indictment or information if all offenses

---

[1] The government submits that these cases are related pursuant to Local Criminal Rule 57.12(a)(1), because the prosecution of different defendants arises from activities which are part of the same alleged criminal event or transaction.

1

and all defendants could have been joined in a single indictment or information." Fed. R. Crim. P. 13. Joinder of offenses in a single indictment is governed by Rule 8(a), which states that joinder is permissible if the offenses (1) are of the same or similar character, or (2) are based on the same act or transaction, or (3) are based on two or more acts or transactions constituting parts of a common scheme or plan. *United States v. Burkley*, 591 F.2d 903, 918 (D.C. Cir. 1978) (citing Fed. R. Crim. P. 8(a)) (considering prior version of Fed. R. Crim. P. 13). Put another way, "[t]he test for proper joinder is a common thread to each of the defendants." *United States v. Rogers*, 921 F.2d 975, 984 (10th Cir. 1990); *see also United States v. Cervone*, 907 F.2d 332, 341 (2nd Cir. 1990). In determining whether joinder of multiple defendants in a single prosecution is proper, the trial court may consult the indictment as well as any other pretrial evidence offered by the government. *United States v. Wilson*, 26 F.3d 142, 153 (D.C. Cir. 1994).

The Court has recognized the "'unnecessary waste of judicial, prosecutorial and civic effort, resources, and time'" that occurs where separate juries would be presented with the same evidence in separate trials. *United States v. Wilkins*, 538 F. Supp. 3d 49, 88 (D.D.C. 2021) (quoting *United States v. Treadwell*, 566 F. Supp. 80, 86-87 (D.D.C. 1983)) (considering motion for severance of offenses joined under Rule 8(b)).

Here, Luke Wessly Bender and Landon Bryce Mitchell are alleged to have attended the former President's "Stop the Steal" rally together during the morning of January 6, 2021. *See United States v. Mitchell,* ECF No. 1-1 at 4. They then climbed scaffolding and unlawfully entered the U.S. Capitol Building together. *Id.* Bender and Mitchell walked together through the U.S. Capitol Building, including walking through the Rotunda, before entering the Senate Floor at 3:04 p.m. *Id.* While they were inside the Senate Chamber, Bender and Mitchell examined documents near a desk on the Senate Floor and posed for pictures together and with other individuals on the

Floor and on the Senate Dais. *Id.* at 4, 12-17; *see also United States v. Bender*, ECF No. 1-1 at 7-9. Bender was first identified by an anonymous tip on January 13, 2021, *United States v. Bender,* ECF No. 1-1 at 2. In a post-arrest interview with law enforcement officers on July 29, 2021, Bender identified Mitchell as the individual who accompanied him on January 6, 2021. *See United States v. Mitchell*, Doc. No. 1-1 at 2-4. Bender explained that he and Mitchell are former coworkers and had known each other for two or three years. *Id.* at 4. They traveled together to the "Stop the Steal" rally and had attended prior political rallies together. *Id.*

The Grand Jury returned six-count indictments against Luke Bender, *see United States v. Bender,* ECF No. 7, and Landon Mitchell, *see United States v. Mitchell*, ECF No. 18. The conduct alleged by the government, and the evidence of those offenses, is essentially identical in both actions. The case would have been brought as a single proceeding had Mitchell been identified prior to the time of Bender's arrest. Joining these cases for trial will conserve judicial resources, alleviate the burdens on citizens serving as jurors, and avoid the necessity of having witnesses reiterate testimony in separate trials. *See Wilkins*, 538 F. Supp. 3d at 88 (quoting *Treadwell*, 566 F. Supp. at 86).

Rules 8(a) and 13 are rooted in considerations of judicial economy, but a court also must consider whether joinder or consolidation would result in prejudice to the government or a defendant. *Burkley,* 591 F.2d at 919. Here, joinder would not prejudice defendants. There is no "serious risk" that a jury will be unable to make a reliable judgment about each defendant's guilt or innocence such that each defendant will be unable to have a fair trial unless the cases remain separate. *Wilkins*, 538 F. Supp. 3d at 87-88 (quoting *United States v. Gooch,* 665 F.3d 1318, 1336 (D.C. Cir. 2012)).

Accordingly, the government requests that the Court join these two criminal actions pursuant to Federal Rule of Criminal Procedure 13.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY

        */s/ Jordan A. Konig*
        JORDAN A. KONIG
        Trial Attorney, U.S. Department of Justice
        Detailed to the U.S. Attorney's Office
        For the District of Columbia
        P.O. Box 55
        Washington, D.C.  20044
        202-305-7917 (v)
        202-514-5238 (f)
        Jordan.A.Konig@usdoj.gov